UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY SIDWELL,

         Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

         Defendant.

CASE NO. C17-1635 BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Jeffrey Sidwell appeals the ALJ's decision finding him not disabled. The ALJ found degenerative disc disease, diabetes, aortitis and affective disorder are severe impairments; Mr. Sidwell has the RFC to perform less than the full range of light work; he can maintain attention for two hour periods; and he can perform simple routine tasks in a routine environment. Tr. 24, 26. The ALJ also found Mr. Sidwell has no past relevant work but is not disabled because he has the RFC, to perform other jobs. Tr. 32-33.

Mr. Sidwell contends the ALJ harmfully erred by failing to (1) consider Post Traumatic Stress Disorder (PTSD) and (2) order a "psychological evaluation to specifically determine the severity of this condition." Dkt. 9 at 1, 6. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 1

**DISCUSSION**

Mr. Sidwell argues the ALJ erred in failing to find PTSD is a severe impairment, and in failing to consider the impact of PTSD on his ability to perform work. Step two, requires proof of a medically determinable impairment that is "severe." *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c). Dr. Beth Sandman, M.D., listed PTSD and Major Depression among her impressions[1] following an examination of Mr. Sidwell. Tr. 387. The ALJ accordingly erred at step two in failing to find PTSD is a severe impairment.

The ALJ's error, however, is harmless. First, Mr. Sidwell bears the burden of showing the ALJ harmfully erred. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). He presents nothing showing the ALJ omitted a PTSD related functional limitation from the RFC determination. He accordingly fails to meet his burden of proof.

Second, the Court has reviewed the record; it does not show the ALJ failed to consider PTSD related limitations. Dr. Sandman is the only doctor who found Mr. Sidwell has PTSD. On

---

[1] The Court notes not all "impressions" are medical diagnoses and that in some cases, an impression cannot support step two's medically determinable requirement. *See e.g. Flaherty v. Colvin*, No 12-10496, 2013 WL 3817099 at * 6 (C.D. Cal. July 23, 2013). (Dr. Shin's note, moreover, is an "impression," not a diagnosis."); *Boyd v. Comm'r Soc. Sec. Admin.,* No 15-01640, 2017 WL 4883218 at *6 (D. OR. Oct. 30, 2017). ("Contrary to plaintiff's contention, Dr. Savoy did not offer a diagnosis of "severe abdominal distention." Tr. 359. Rather, Dr. Savoy noted his impression was "severe abdominal distention."); *Gonzalez v. Comm'r of Soc. Sec.*, No 16-3157, 2017 WL 3712215 at * 11 (E.D. WA Aug. 8, 2017) ("Plaintiff contends that a CT scan showing "a small calcification" on her left frontal lobe supports the impairment of seizure disorder. ECF No. 16 at 17-18 (citing Tr. 498 (2010 CT scan noting "[s]mall calcification over the left frontal lobe, possibly from an old infectious, inflammatory process," but noting that the impression was "no acute findings")). Such observation, however, is not a diagnosis by an acceptable medical source that she has seizure disorder."). However, the context in which Dr. Sandman used "impression" convinces the Court her impressions are her diagnoses. There is no separate diagnosis section of her report and she included under impressions Major Depression and diabetes which all agree are medically determinable conditions.

November 16, 2015, the doctor evaluated Mr. Sidwell, listing PTSD and Major Depression among her medical "impressions." *Id.* Her evaluation states Mr. Sidwell "has suffered from depression for years," and he thinks his depression is from living a lifetime of violence. Tr. 386. The doctor noted Mr. Sidwell's main complaint is concentration and focus; he has trouble completing tasks; gets sad and emotional over small things; has no motivation; has survivor's guilt and remorse about friends dying; has erratic sleep and bizarre dreams, restless thoughts and feels hopeless when reflecting on his past. *Id.* Ostensibly, this narrative goes to Dr. Sandman's impression that Mr. Sidwell suffers from PTSD and Major Depression. The ALJ specifically noted Dr. Sandman's evaluation, Tr. 29, and thus considered how in Dr. Sandman's opinion both PTSD and depression affected him.

Third, the record does not show the ALJ failed to account for PTSD limitations assessed by Dr. Sandman. Mr. Sidwell does not argue the ALJ misevaluated Dr. Sandman's evaluation or that the ALJ omitted a limitation Dr. Sandman found. The doctor's evaluation states Mr. Sidwell's "main complaint is problem with concentration and focus" and he has problems completing tasks. The ALJ's RFC determination accounts for these limitations by determining Mr. Sidwell can only do simple routine tasks in a routine work environment, and can maintain attention for two hour periods because his attention waxes and wane. Tr. 26. Mr. Sidwell does not claim otherwise.

Fourth, the record does not show the ALJ failed to account for PTSD limitations claimed by Mr. Stillwell. Mr. Stillwell argues he testified he suffers from PTSD and that it causes "severe symptoms and limitations." Dkt.9 at 3. But the ALJ rejected Mr. Stillwell's testimony, a determination that Mr. Stillwell does not contest.

1       In short, Mr. Stillwell fails to establish the ALJ omitted a PTSD related limitation. The

2  ALJ's failure to find PTSD is a severe impairment at step two is accordingly harmless. *Lewis v.

3  Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

**B.     Development of the Record**

Mr. Sidwell argues the ALJ should have obtained "an opinion statement from Plaintiff's treating physician or ordered an evaluation of Plaintiff's PTSD." Dkt. 9 at 6. The ALJ's duty to develop the record is triggered by ambiguous evidence, the ALJ's determination the record is inadequate, or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Mr. Sidwell contends the ALJ should have developed because on July 13, 2013, Dr. Dinelle Pineda, M.D. opined he "should undergo a mental evaluation for PTSD," and "Plaintiff's PTSD might be in fact his 'most severe problem.'" Dkt. 9 at 5. The contention implies the ALJ erred by failing to follow up on a condition Dr. Pineda believed might be disabling. But the contention is belied by the record because Dr. Pineda did not state PTSD was Mr. Sidwell's most severe problem. Rather, she stated "Depressive disorder, NOS This is perhaps is [sic] most severe problem." Tr. 379. Dr. Pineda also noted Mr. Sidwell stated "depression and back pain are his more disabling conditions." *Id.*

Dr. Pineda did state "Recommend psych eval, and f/u with mental health or here for treatment of depression, and possible evaluation of PTSD." *Id.* However, follow-up in fact occurred. Ten days after Dr. Pineda made this statement, a psychological evaluation was performed on Mr. Sidwell by Siobher Budway, Ph.D. Tr. 373-77. Dr. Budway made clinical observations of depression and anxiety symptoms and diagnosed Mr. Stillwell with Major

Depressive Disorder, Recurrent without psychotic features. *Id.* The doctor did not diagnose PTSD or recommend further follow-up on PTSD.

On December 10, 2013, Mr. Stillwell was seen by Angela Thapa, MS. Ms. Tharpa noted under chronic problems: "Depressive disorder NOS." Tr. 327. She also noted Mr. Stillwell reported his depression symptoms have not increased since February 2012, and that he reports being depressed due to lack of accomplishments in life and that he grieves for loss of family and friends. *Id.*

Dr. Pineda again saw Mr. Stillwell on January 15, 2014. The doctor noted under chronic problems "Depressive disorder, NOS." Tr. 324. The doctor indicated Mr. Stillwell was "working on depression," *id*., and screening showed his depression was "moderate." Tr. 325. Dr. Pineda again stated in October 2014 that Depressive disorder NOS is one of Mr. Stillwell's chronic problems and that his symptoms were screened as moderate. Tr. 436. Dr. Pineda made no mention of PTSD or the need to further evaluate that condition.

And as noted above, in November 2015, Dr. Sandman evaluated Mr. Stillwell and listed PTSD and Major Depression among her impressions. The record thus shows that days after Dr. Pineda first raised a question about PTSD, Mr. Sidwell was evaluated. That evaluation did not indicate PTSD. Mr. Stillwell was then seen several times by Dr. Pineda and once by Ms. Thapa. Neither indicated he had PTSD or that PTSD needed further evaluation. Mr. Stillwell was subsequently evaluated by Dr. Sandman who noted under "impressions," that Mr. Stillwell suffered from PTSD. Dr. Sandman however did not indicate further assessment of PTSD was required. The medical evidence is thus not sufficiently ambiguous to trigger the ALJ's duty to further develop the impact of PTSD on Mr. Stillwell's functional abilities.

## CONCLUSION

For the foregoing reasons, the Court finds the ALJ did not harmfully err. The Court accordingly **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

DATED this 8th day of May, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge